**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MAMADOU SALIOU BARRY,

      Petitioner,

v.                                                                          No. 1:26-cv-01335-MLG-JFR

TODD BLANCHE, Acting Attorney General,
United States Department of Justice, et al.,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING
RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Mamadou Saliou Barry's Verified Petition for Writ of Habeas Corpus ("Petition") filed April 29, 2026. Doc. 1. Barry, a Guinean citizen, entered the United States in 2023 and was apprehended by Respondents shortly after entering the country. *Id.* at 1-2, 6 ¶¶ 2, 27. He was released on his own recognizance[1] pursuant to 8 U.S.C. § 1226(a)(B)(2) and was released pending any future removal proceedings.[2] *Id.* Following his release, Barry received a work authorization permit valid through January 23, 2030. *Id.* at 7, ¶ 29. On January 6, 2026, Barry was taken into custody by Immigration and Customs Enforcement

---

[1] Section 1226 permits the release of a noncitizen from custody pending a removability determination "on 'conditional parole,'" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)").

[2] Before making a custody determination, an immigration officer must assess whether releasing the noncitizen would "pose a danger to property or persons" and whether they are "likely to appear for any future [immigration] proceeding." 8 C.F.R. § 236.1(c)(8). Obviously, if a person is released on conditional parole, the immigration officer has found neither consideration appliable.

("ICE") officers while he was shopping at a local African food market. *Id.* at 7, ¶ 32. They did not present Barry with a warrant, nor cite a basis for his detention at that time. *Id.* at 2, ¶ 4. Barry is now detained at the Cibola County Correctional Center in New Mexico. *Id.* at 3, 7 ¶¶ 10, 34. He did not receive a pre-deprivation hearing when he was re-detained. *Id.* at 2, 9 ¶¶ 7, 41.

Barry's Petition challenges his detention on the grounds that the "due process requires the government show, in a pre-deprivation hearing, materially changed circumstances before detaining" Barry. *Id.* at 2 ¶ 7. He claims that his detention without any pre-derivation process violates the Fifth Amendment Due Process Clause. *Id.* at 2, 8-9 ¶¶ 7, 36-42. He further alleges that his detention violates the Fifth Amendment Substantive Due Process Clause. *Id.* at 9-11, ¶¶ 43-51. Barry also claims that his arrest without a warrant violates the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.3(d). *Id.* at 11-13 ¶¶ 52-59. He seeks a writ of habeas corpus directing federal immigration authorities to release him from custody or, in the alternative, provide a bond hearing. *Id.* at 14.

Respondents filed a Response to the Petition on May 11, 2026 in which they frame the legal issue regarding Petitioner's detention as whether 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b) applies. Doc. 5 at 2. They assert that Barry's detention accords with § 1225(b)(2)(A) and is therefore mandatory. *Id.* Respondents do not dispute any of the factual allegations asserted in the Petition. *See generally* Doc. 5. They do not address Barry's argument that he was entitled to due process prior to his re-detention in 2026. *See id.*

Here, it is undisputed that Barry received conditional parole in 2023. *See* Doc. 1 at 6 ¶ 27. He was therefore released pursuant to § 1226(a)(2) and an immigration officer made an initial determination that Barry was neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *supra* note 2. Because Barry was initially released from Respondents' custody

pursuant to § 1226(a)(2), the Court hereby finds Li's re-detention without an immigration court's finding of dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause. The analysis and reasoning set forth in this Court's opinion in *Diallo v. Orozco* is adopted here. No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *3-4 (D.N.M. Mar. 4, 2026) (employing the *Mathews v. Eldridge*[3] balancing test to hold that re-detention of a petitioner initially released on their own recognizance pursuant to § 1226(a)(2) without a pre-deprivation hearing or immigration court finding of a change in dangerousness or flight risk constitutes a due process violation); *see also Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2025 WL 3653925, at *2 (D.N.M. Dec. 17, 2025); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6-7 (D.N.M. Feb. 11, 2026); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) (collecting cases from the Northern District of California), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025); *Destino v. FCI Berlin, Warden*, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424, at *11 (D.N.H. Dec. 24, 2025), *appeal filed sub nom.*, *Destino v. Ackley*, No. 26-1181 (1st Cir. Feb. 20, 2026); *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026); *Singh v. Stevens*, No. 3:26-CV-133, 2026 WL 456489, at *7 (N.D. Ohio Feb. 18, 2026). Therefore, the requested writ of habeas corpus for Barry's immediate release is granted.

Barry shall be released within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in March 2026 along with a copy of this Order.

---

[3] 424 U.S. 319, 335 (1976).

Barry may not be re-detained without a pre-detention hearing before a neutral IJ and only following a showing by clear and convincing evidence that Barry is a flight risk or poses a danger to the community and that no conditions other than his detention would be sufficient to prevent such harms. Barry shall receive at least seven (7) days' notice before the pre-detention hearing takes place.

Respondents are further ordered to file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Barry was released from custody.

Barry's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA") shall be considered. *See* Doc. 1 at 15; 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). Barry shall "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses" in accordance with 28 U.S.C. § 2412(d)(1)(B).

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

4